IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **MONYULETTE BOYD,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00077-BP |
| | § | |
| **1A SMART START LLC,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Non-Party Domingo Rodriguez's Objections to Subpoena Motion to Quash and Motion for Protective Order (ECF No. 25); Plaintiff's Motion to Quash Subpoena to Prior Employer, And for Protective Order (ECF No. 28); and Plaintiff's Motion to Be Relieved of the Requirement to Attend Private Mediation (ECF No. 35). The Court set the first two motions for hearing today and ordered expedited briefing for the third motion. ECF Nos. 26, 29, 36. At today's hearing, defense counsel offered to address the third motion. Accordingly, the Court heard argument on all three motions at this hearing and enters the following Order.

**I.     Non-Party Domingo Rodriguez's Objections to Subpoena Motion to Quash and Motion for Protective Order (ECF No. 25)**

The Court finds that it is overbroad and intrusive of Rodriguez's privacy to have a third-party image his cell phone, especially since other evidence of Boyd's uncertainty as to whether her treatment pertained to race already has been provided. *See* Fed. R. Civ. P. 26(b)(1), Fed R. Civ. P. 26(b)(2)(C), *Scott v. Complete Logistical Servs.*, No. 19-11672, 2021 WL 3013111, at *2 (E.D. La. July 16, 2021). Furthermore, at today's hearing, Rodriguez's attorney attested that all relevant text messages from Rodriguez's phone already had been provided to Smart Start's counsel. Accordingly, Rodriguez's Motion to Quash (ECF No. 25) is **GRANTED**, and to the

extent that this pleading also contained a motion for protective order, that motion is **DENIED** as moot.

II.     **Plaintiff's Motion to Quash Subpoena to Prior Employer, and for Protective Order (ECF No. 28)**

Smart Start's counsel has not shown that the relevance and proportionality of Boyd's personnel records at AAA outweigh Boyd's privacy interest in those records. *See* Fed. R. Civ. P. 26(b)(1); *Reynolds v. York,* No. 3:04-MC-045-P, 2004 WL 1490040, at *1 (N.D. Tex. July 2, 2004) ("Reynolds wants records from York's former employer in an attempt to impeach his credibility . . . [T]he court finds that York's privacy interests far outweigh any likely benefit to Reynolds in obtaining the records he seeks."). Accordingly, Boyd's Motion to Quash (ECF No. 28) is **GRANTED**.

Smart Start's counsel is, however, entitled to information about the precise dates of Boyd's employment at AAA. While this information is not likely to be sufficiently relevant to the case to find that it is proportional to subpoena Boyd's entire personnel file from her prior employer in order to get it, it may be sufficiently relevant to the issue of Boyd's credibility to require this information to be produced, albeit by less intrusive means. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, Smart Start's counsel **SHALL** review any W-2 forms produced by Boyd to discern whether these already-produced forms include information sufficient to determine Boyd's dates of employment at AAA. On or before **Friday, November 17**, Smart Start's counsel **SHALL** either 1) request W-2 forms from the relevant time period from Boyd or 2) advise Boyd and the Court that the necessary forms were already provided. If Smart Start's counsel requests W-2 forms from Boyd under the first option above, Boyd **SHALL** provide those forms on or before **November 28, 2023** and notify the Court that the forms have been provided.

In lieu of formally entering a protective order, the Court reminds the parties of Fed. R. Civ. P. 45(a)(4): "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." In the context of this case, 48 hours is reasonable notice. *Failure to abide by this guideline may subject parties to sanctions*.

### III. Plaintiff's Motion to Be Relieved of the Requirement to Attend Private Mediation (ECF No. 35)

The Court declines to relieve any party of the obligation to mediate before trial in this case. However, at today's hearing, the parties agreed to extend the mediation deadline to April 26, 2024, as mediation may be more fruitful after any dispositive motions have been filed. Noting that this scheduling modification is agreed, and for good cause shown, the Court **ORDERS** that the deadline for completing mediation is **April 26, 2024**. Except as modified in this Order, the deadlines set in the Scheduling Order (ECF No. 18) remain in force. Furthermore, the Court's Order requiring additional briefing on the issue of mediation is hereby **VACATED**. ECF No. 36.

It is so **ORDERED** on November 14, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE